GUIDRY, Judge.
Defendant, Willie J. McNaulty, was charged by bill of information with two counts of simple burglary, a violation of La.R.S. 14:62. On August 20, 1985, a six person jury found defendant guilty as charged. On November 8, 1985, the trial judge sentenced defendant to two, five year sentences at hard labor to be served concurrently. The sentences were ordered to be served consecutively to any other sentence defendant must serve. Defendant appealed urging only that the trial judge failed to comply with La. C.Cr.P. art. 894.1 and that the sentences imposed are excessive.
FACTS
On January 23,1985, Willie J. McNaulty, a 21 year old male, and two accomplices burglarized a camp in the Shuteston area of St. Landry Parish and Richard’s Grocery in the Bristol area of St. Landry Parish. They removed television sets, bottles of alcoholic beverages, an ice chest, an adding machine, a watch display, approximately $256.00, in cash, and other items from these premises. Defendant was subsequently arrested on January 29, 1985 by the Opelousas City Police. A six person jury found defendant guilty of two counts of simple burglary and the trial court ordered a presentence investigation. Defendant was sentenced as mentioned herein-before.
The presentence investigation report revealed that defendant had a prior conviction for misdemeanor theft on April 30, 1984. As a result of this conviction, he was sentenced to serve 150 days in jail, suspended and placed on 18 months supervised probation. This report further reflects that defendant was also convicted of simply burglary and sentenced on October 12, 1984 to serve three years at hard labor, suspended and placed on five years probation. This probation remained in effect at the time of the commission of these crimes and at the time defendant was convicted and sentenced. Additionally, defendant was convicted of simple burglary on July 5, 1985 and was sentenced to serve three years at hard labor on the morning defendant was sentenced in the instant case. Defendant also has a juvenile record.
In support of his appeal, defendant urges that the trial judge erred in failing to articulate the factual basis for the sentence imposed as required by La. C.Cr.P. art. 894.1. Defendant also urges that the trial court erred in imposing an excessive sentence.
In State v. Vizena, 454 So.2d 1291 (La.App. 3rd Cir.1984), a case strikingly similar to the one sub judice, this court stated:
“The defendant contends that the trial judge did not state for the record the consideration and factual basis for the sentence imposed. We agree. However, in State v. Cox, 369 So.2d 118 (La.1979), the Louisiana Supreme Court held that *542 where the trial judge imposes a sentence without adequate compliance with the mandatory requirements of article 894.1, that he state the considerations and the factual basis for his sentence, the reviewing court may vacate a sentence and remand for re-sentencing when the reasons of an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record.
On a claim of excessiveness, we will first consider whether the trial court has complied with the requirements of article 894.1. If he has, we then determine the question of excessiveness on the merits. If the trial court has failed to comply with article 894.1, as in this case, we will consider whether the defendant has shown that his sentence is an apparently severe or excessive one. If it is shown to be excessive, the court will remand for re-sentencing. If it is not, we will affirm.”
Although the trial judge did not fully comply with the requirements of La. C.Cr. P. art. 894.1, we find defendant has failed to show that the sentence imposed is excessive. A review of the record discloses that defendant had two prior convictions and was sentenced for a third offense on the morning he was sentenced in this matter. Also, since defendant was convicted of two counts of simple burglary in the instant case, he was exposed to a potential 24 year sentence.
The record in this case clearly supports a conclusion that the sentences imposed are not excessive and do not constitute an abuse of discretion. For these reasons a remand for failure of the trial court to comply with La. C.Cr.P. art. 894.1 is unnecessary.
For these reasons, the defendant’s convictions and the sentences imposed are affirmed.
AFFIRMED.